IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**JASON D'ANGLO GUNN, #R4003**                                                          **PLAINTIFF**

**VERSUS**                                         **CIVIL ACTION NO. 3:12-cv-601-CWR-LRA**

**CHRISTOPHER EPPS**                                                                    **DEFENDANT**

<u>**MEMORANDUM OPINION**</u>

This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Gunn, an inmate of the Mississippi Department of Corrections (MDOC), filed this *pro se* Complaint pursuant to 42 U.S.C. § 1983. Plaintiff was granted permission to proceed *in forma pauperis* in this case. The named Defendant is Christopher Epps, Commissioner of MDOC. Upon liberal review of the Complaint and subsequent pleadings, the Court has reached the following conclusions.

**I.      Background**

Plaintiff complains about a rule violation report (RVR) issued to him at the South Mississippi Correctional Institution in December of 2011, for being in possession of a cell phone. Plaintiff was found guilty of the violation. Plaintiff asserts various complaints regarding the RVR and disciplinary process which he claims violates MDOC policy and his constitutional rights. Plaintiff's main contention is that his disciplinary conviction is "unsupported by substantial evidence" because MDOC failed to show he had actual possession of the cell phone and because the finding of guilt was based on a correctional officer's statement. Resp. [12] at 2. As punishment for this disciplinary conviction Plaintiff states that he was removed from trusty status for six months. In Plaintiff's most recent filing he also states that his "MET time was taken." *Id*. Therefore, the Court will assume that Plaintiff also lost meritorious earned time

("MET") as a result of this disciplinary conviction. As relief, Plaintiff is requesting that his disciplinary conviction be vacated, that his trusty status and meritorious earned time be reinstated and expungement of the disciplinary proceedings from his record.

## II. Analysis

The *in forma pauperis* statute mandates dismissal "at any time" if the Court determines an action "fails to state a claim on which relief may be granted" or "is frivolous or malicious." *See* 28 U.S.C. § 1915 (e)(2)(B). The Fifth Circuit deems a complaint to be frivolous "if it lacks an arguable basis in law or fact or if there is no realistic chance of ultimate success." *Henthorn v. Swinson*, 955 F.2d 351, 352 (5th Cir. 1992). Since the Court has permitted Plaintiff Gunn to proceed *in forma pauperis* in this action, his Complaint is subject to the case screening procedures set forth in 28 U.S.C. § 1915(e)(2).

### A. Habeas Corpus Claims

Initially, the Court notes that the appropriate legal vehicle to attack unconstitutional prison administrative procedures or conditions of confinement is 42 U.S.C. § 1983. *See Cook v. Tex. Dep't of Criminal Justice Transitional Planning Dep't,* 37 F.3d 166, 168 (5th Cir. 1994). In contrast, habeas corpus provides the exclusive federal remedy available to a state prisoner challenging the fact or duration of his confinement and seeking a speedier or immediate release from incarceration. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005)(internal quotations omitted)(finding a "prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement"). Plaintiff must pursue claims that affect his eligibility for, or entitlement to, accelerated release through habeas corpus. *Cook*, 37 F.3d at 166 (citing *Johnson v. Pfeiffer*, 821 F.2d 1120, 1123 (5th Cir. 1987)).

Since the restoration of earned time credits would result in the Plaintiff receiving an accelerated release from incarceration, he "cannot . . . recover good-time credits lost in a prison disciplinary proceeding" in a § 1983 civil action. *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998)(en banc). Instead, Plaintiff must pursue his request for the restoration of his earned time credits through a petition for habeas corpus relief. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997)(holding that habeas corpus is the exclusive remedy for a claim for restoration of good-time credits). Therefore, Plaintiff's habeas corpus claims will be dismissed from this § 1983 case, without prejudice.[1]

**B. Section 1983 Claims**

Initially, the Court notes that trusty status is a classification or custody level within MDOC. An inmate does not have a constitutional right to receive a certain custodial classification while incarcerated. *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir.1995). Therefore, Plaintiff's request for reinstatement of his trusty status or classification level will be dismissed.

As set forth in *Heck v. Humphrey,* 512 U.S. 477 (1994), a prisoner cannot bring a § 1983 action based on a conviction until that conviction "has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid in a state collateral proceeding or by the issuance of a federal writ of habeas corpus, if a favorable judgment would necessarily imply the invalidity of the prisoner's conviction or the length of his confinement." *Clarke*, 154 F.3d at 189 (internal quotations omitted)(citing *Heck*, 512 U.S. at 486-87). A prison disciplinary

---

[1] Although Plaintiff has not sought the restoration of any "trusty time," the Court notes that any request for the restoration of trusty time would need to be pursued in a habeas petition. As explained by the Mississippi Supreme Court "[t]rusty time is a reduction in sentence which may be granted in addition to any other administrative reduction in sentence to an offender in trusty status as defined by the classification board of MDOC." *Golden v. Epps*, 958 So.2d 271, 274 n.2 (Miss.2007)(citing Miss.Code Ann. § 47-5-138.1 (Rev.2004)).

decision that results in a change to the prisoner's sentence is considered a conviction for purposes of *Heck*. *Id.* Therefore, a prisoner's claims for declaratory relief and money damages based on alleged defects in his disciplinary process are barred by the *Heck* doctrine because such claims would "necessarily imply the invalidity of the punishment imposed." *Edwards*, 520 U.S. at 648. If the Court were to find in Plaintiff's favor and determine that his prison disciplinary conviction was invalid and should be vacated, it would "necessarily imply the invalidity of the punishment imposed," meaning it would necessarily imply the invalidity of his loss of earned time credits. *Id.* Since the rule set forth in *Heck v. Humphrey* and *Edwards v. Balisok* apply to Plaintiff's claims, he must demonstrate that his disciplinary conviction has been invalidated as a prerequisite for this case to proceed under § 1983. Plaintiff states that his disciplinary action has not been invalidated.[2] As such, the Court finds that Plaintiff's § 1983 claims seeking invalidation and expungement of his disciplinary conviction are not cognizable at this time. *See e.g., Evans v. Baker*, 442 F. App'x 108, 110 (5th Cir. 2011)(finding dismissal under *Heck* and *Edwards* of inmate's § 1983 complaint seeking expungement of adverse disciplinary proceedings to be proper even after inmate withdrew his claim to have good-time credits restored).

As a final point, the Court finds that Plaintiff is not entitled to relief under § 1983 based on his claim that MDOC policy and procedure was violated by the complained of rule violation report and resulting disciplinary process. These allegations, without more, simply do not rise to a level of constitutional deprivation. *See Guiden v. Wilson,* 244 F. App'x 980, 981 (5th Cir. 2009) (citing *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir 1986)) ("A violation of a prison rule

---

[2]Plaintiff was ordered to specifically state if the complained of RVR has been invalidated by any of the means set forth in *Heck*. Plaintiff responded by stating that the RVR has not been "expunged" or "overturned on appeal." *See* Resp. [12] at 2.

by itself is insufficient to set forth a claim of a constitutional violation."); *see also Geiger v. Jowers,* 404 F.3d 371, 373-74 (5th Cir. 2005)(holding inmate does not have a federally protected liberty interest in having prison grievances investigated or resolved to his satisfaction).

**III.    Conclusion**

As discussed above, Plaintiff's habeas corpus claims will be dismissed from this § 1983 case without prejudice.[3] Plaintiff's § 1983 claims are dismissed as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i) and (ii).[4] The dismissal of Plaintiff's § 1983 claims are with prejudice until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996)(finding claims are properly "dismissed with prejudice . . . until the *Heck* conditions are met").

A Final Judgment in accordance with this Memorandum Opinion will be entered.

SO ORDERED AND ADJUDGED, this the 11th day of January, 2013.


s/Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

[3] The Court does not reach a determination of the viability of any possible habeas claims; nonetheless, the Clerk is directed to mail Plaintiff a packet of habeas corpus forms for state inmates challenging their imprisonment under 28 U.S.C. § 2254.

[4] *See Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996)(finding *Heck* barred claims are legally frivolous); *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996)(holding "[u]nder *Heck,* Johnson cannot state a claim" until his conviction is invalidated).